IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR VARGAS TORRES,            :
                                 :
         Plaintiff               :
                                 :
    v.                           :   CIVIL NO. 4:CV-16-1257
                                 :
LIEUTENANT SWITZER, ET AL.,      :   (Judge Brann)
                                 :
         Defendants              :

**MEMORANDUM**

June 27, 2016

**Background**

  Hector Vargas Torres, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an in forma pauperis application.[1] Service of the Complaint has not yet been ordered.

  Named as Defendants are the following officials at Plaintiff's prior place of

---

[1] Torres completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Clerk of Court will be directed to issue an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

confinement, the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette): Lieutenant Switzer; Captain Carl Walker; Head Nurse Susan Berrier; Sergeant Gary Dobish ; Unit Manager Steven Buzas; and Correctional Officers Corns, Wetzel, Beverage, and David Smith.  Plaintiff states that he was incarcerated at SCI Fayette during all events described in this complaint.  See Doc. 1, ¶ 3.  His Complaint alleges that Defendants subjected him to excessive force via an unwarranted use of o.c. spray and thereafter provided him with inadequate medical care with respect to his resulting injuries.  As relief, Torres seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## Discussion

Title 28 U.S.C. § 1391(b) provides that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to such action.

All of the Defendants are employed at SCI-Fayette which is located in

Fayette County within the confines of the United States District Court for the Western District of Pennsylvania.  See  28 U.S.C. § 118(c). There is no indication that any of the Defendants reside within the Middle District of Pennsylvania. Plaintiff also acknowledges that all of the events giving rise to this action occurred at SCI-Fayette.

As this action is not based upon diversity of citizenship jurisdiction, no Defendant resides within the Middle District of Pennsylvania, and none of the events underlying Torres' action occurred in the Middle District of Pennsylvania, the Complaint is not properly brought in this federal district.

It is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a).  The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

Based on the location of the named Defendants, the nature of Plaintiff's allegations, it is apparent that the convenience of the parties and the interests of justice would be best served by transferring this matter to the judicial district where the Plaintiff is incarcerated and the underlying events transpired.  Since the

Western District of Pennsylvania is a more convenient forum, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

An appropriate Order will enter.

                              BY THE COURT:

                               s/ Matthew W. Brann
                              Matthew W. Brann
                              United States District Judge